_____FILED _____ENTERED
_____LOGGED_____RECEIVED

OCT 0 1 2012

AT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-2512 |
| RESHEED COLES | * | |
| Defendant | * | |

***

## MEMORANDUM

Resheed Coles ("Coles"), who is self-represented, removed above-captioned case to this court from the Circuit Court for Baltimore County on August 21, 2012 on the grounds of "admiralty law" and diversity of the parties' citizenship jurisdiction. ECF No. 1 and 2.

A federal court has an obligation to *sua sponte* remand a case removed from state court if the federal court lacks subject matter jurisdiction over the case. *See Crawford v. Mokhtari*, 842 F.Supp. 840, 842-843 (D.Md.1994), aff'd, 30 F.3d 129 (4th Cir.1994); *see also Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998) (acknowledging that when removal is defective for lack of subject matter jurisdiction, remand may occur without motion to remand). Coles, as the party supporting removal, bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chemical Company*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Company,* 257 U.S. 92, (1921)).

Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have "original jurisdiction, exclusive of the courts of the States,"

over "any civil case of admiralty or maritime cases jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). In this case, Coles provides no facts supporting his contention that the case presents issues of admiralty law over which this court may exercise jurisdiction, nor do the facts before this court support jurisdiction based on diversity of the parties' citizenship. The underlying case is a state criminal proceeding over which this court does not have original subject matter jurisdiction. The Maryland State Case Search Website[1] shows that Coles is charged in the state case with marijuana possession, possession of drug paraphernalia, and failure to obey a reasonable and lawful order. *See* Criminal Action 03-K-12-0049. He is currently free on bail. *See id.* In the notice of removal, Coles fails to meet his burden of showing the removal requirements have been met and the case must be remanded to state court. *See In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006) (removal statutes must be strictly construed, and in cases where federal jurisdiction is doubtful, remand is necessary); *see also Barbour v. International Union*, 640 F.3d 599, 605 (4th Cir. 2011) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state courts."). Accordingly, the case will be remanded by separate order to follow.

DATED this ___1___ day of ~~September~~ October, 2012.

BY THE COURT:

_____
James K. Bredar
United States District Judge

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03K12004491&loc=55&detailLoc=K

2